IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| GARRETT LEON GAINES, #173 280 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO.2:05-CV-1052-T |
| | (WO) |
| WARDEN GWENDOLYN MOSLEY, *et al*., | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of Alabama, has filed a petition for a writ of habeas corpus challenging prison officials' failure to fully restore his previously forfeited good time credits. Petitioner maintains that he is entitled to restoration of these good time credits as a result of prison officials' failure to comply with agency regulations concerning the time period within which to service notice of disciplinary charges.

**I.  BACKGROUND**

Petitioner engaged in an altercation with another inmate on February 14, 2003. He maintains that the incident "was discovered and he was arrested by Officer Shipman. But he was not served a charge until March 7, 2003." (Doc. No. 2, pg. 1.) Petitioner argues that Administrative Regulation 403 directs that an arrest should be made within ten calendar days after a violation is discovered and the charge for the violation should be served within ten calendar days after the inmate is arrested or charged. (*Id*. at pg. 2.) Based on the mandatory language of the regulation, Petition maintains that the disciplinary he received for fighting

with another inmate should have been voided because it was not served on him within the requisite time period. (*Id*. at pg. 3.) Petitioner asserts that the failure to timely serve him with the disciplinary charge violated his right to due process, and therefore, his good time credits should be restored. (*Id*.)

## II. DISCUSSION

An inmate is entitled to certain procedural due process safeguards in connection with the loss of prison good time credits. *See Wolff v. McDonnell,* 418 U.S. 539 (1974). State prison regulations violate due process only when the state subjects a prisoner to restraint which "imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995). The language of a state prison regulation is ordinarily not dispositive in determining whether there is a protected liberty interest. *Id.*

In *Wolff*, 418 U.S. 539, the Supreme Court set forth the due process requirements associated with prison disciplinary hearings. Those requirements include (1) written notice of the charges at least twenty-four hours in advance of the hearing, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 564-566. As noted, in *Sandin*, 515 U.S. 472, the Supreme Court explained that prison regulations creating procedures that are to be followed before taking away an inmate's ordinary privileges do not afford the inmate a liberty interest in avoiding the loss of those privileges unless such a loss will result in an "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life."[1] *Id*. at 483-84. Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure encroaches upon a liberty interest protected under the Due Process Clause. *Id*. at 484.

Here, prison officials sanctioned Petitioner to a loss of good time credits after finding him guilty of a disciplinary charging him with fighting with another inmate. This sanction, "though concededly punitive, does not represent a dramatic departure from the basic conditions" of the sentence imposed upon Petitioner. *Sandin*, 515 U.S. at 485. Thus, prison officials' failure to follow agency regulations with respect to when they served Petitioner with notice of the disciplinary in question did not afford him a liberty interest in avoiding the loss of good time credits as such loss did not result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 483-84.

In light of the foregoing, the court finds that Petitioner's application for habeas corpus relief is due to be summarily dismissed. *See generally* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner's

---

[1] In *Sandin*, 515 U.S. 472, the Court abandoned the *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454 (1989), *Olim v. Wakinekona*, 461 U.S. 238 (1983), and *Hewitt v. Helms*, 459 U.S. 460 (1983), methodology for determining the existence of a liberty interest. Under the methodology of those cases, a court ascertained whether a state created a liberty interest protected by the Due Process Clause by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion." In its renunciation of prior case law, the Court held that federal courts must look to the nature of the deprivation rather than statutory or regulatory language to determine if a state created a liberty interest. *Sandin*, at 483-484.

application for habeas corpus relief be summarily DISMISSED. *See generally* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 21, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of November 2005.

                                                **/s/ Delores R. Boyd**
                                                DELORES R. BOYD
                                                UNITED STATES MAGISTRATE JUDGE