IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GARRETT LEON GAINES,
Petitioner,

Vs.

WARDEN GWENDOLYN MOSLEY, et al.,
Respondent.

CIVIL ACTION NO. 2:05-CV-1052-T (WO)

## Objections

Comes now, Garrett Gaines, Pro Se in the above style and cause in response to recommendation for summary dismissal of petitioner's Habeas Corpus Petition. Petitioner objects for the following reasons:

### Background

(1) On February 14th, 2005, Gaines was involved in an altercation with a fellow inmate. It was discovered and Gaines was arrested and placed in Admin. Segregation. On March 7, 2005, Gaines was served a charge for (assault on another inmate). It was served upon him twenty (20) days later. Gaines was found guilty and it was ordered he lose 2 years goodtime credits, which pushed his release date from March 21, 2006 to November 1, 2006. In March 2005 due to being

found guilty of said disciplinary. Plaintiff was reclassified in March, 2005 from level (4) four custody to level (6) six maximum custody, and has been in segregation in a single cell since then, disputing custody. Plaintiff is locked-down within his cell for twenty-three (23) hours a day, and whenever he does come out, he is handcuffed and shackled and is allowed to walk around a secure unit for 45 minutes, if he's lucky. Plaintiff can no longer attend Islamic services as he once were able to in general population, nor is he allowed a phone call, but once a month for only five minutes, whereupon he was able to use the phone whenever he choose to in general population for however long.

LEGAL ARGUMENT

1) The State chooses to use the Sandin case as the prevailing and binding case. Petitioner should be allowed to proceed with his Habeas Corpus because he has now shown that the violation of his procedural due process resulted in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life". Sandin, 515 U.S. 472

(2)

2.) Petitioner was not served disciplinary charges until (20) twenty-days later a direct violation of Regulation 403.III, A and D section. Petitioner was found guilty and from it present loses 2 year goodtime and was re-classed from level (4) four general population to level (6) Max custody and placed in segregational confinement. Petitioner was placed under "Restraint" therefore his petition falls under the safeguards of "Sandin v. Conner 515 U.S. 472, 483-84 (1995)".

3.) The nature of the deprivation was dramatic and the state did create a liberty interest under Sandin, at 483-484.

### CONCLUSION

Petitioner's objection is due to be sustained and allowed to proceed in the application of his Habeas Corpus to prove the merits of his case. Petitioner is due for relief.

Done this 15th day of November 2005.

_Garrett Gaines_
GARRETT GAINES

(3)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the above on the Defendants addressed to:

KIM THOMAS GENERAL COUNCIL
DoDoC
301 RIPLEY STREET
MONTGOMERY, ALA.
36130

By placing in U.S. Postal, Pre-paid 1st Class, on this 15 day of November 2005.

_____
GARRETT GAINES