RECEIVED
2005 NOV 23 A 8:[?]

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF Alabama
~~Northern~~ Division

Garrett Leon Gaines
Petitioner,

v.                                  Civil Action No. 2:05-CV-1052-T
                                    (WO)
Warren Gwendolyn
Mosley, et al,
Respondent

Motion To Amend Objection

Comes now, Garrett Gaines Pro Se in the above cause and does, Pursuant to Federal Rules of Court, Asking this Honorable Court to allow him to amend his Objection for the following reason:

1.) Petitioner had until November 21, 2005 to file his objection. Due to this Administration unpredictability in allowing Congregation Inmates Law Library Access. Petitioner did not gain access to books needed to properly submit his Objection. Petitioner submitted a Library Request November 16, 2005, but did not

receive access to material in order to review citations until November 18, 2005. Petitioner would like to amend objection as follows:

<u>OBJECTIONS</u>

The District Court based its decision for summary dismissal heavily on Sandin v. Conner 515 U.S. After reviewing this case cited Petitioner discovered many similarities to his complaint.

Grimes lost 2 years good time credits which extended his stay in prison (8) eight months and he was also reclassed changing his custody from Level (4) general population to Level (6) maximum custody and placed in segregational confinement where he remains even now awaiting transfer to maximum security prison.

In <u>Sandin</u>, at 515 U.S. 493 (1995) the court stated that deprivations that are severe or more

(2)

closely related to the original terms of confinement nonetheless will amount to deprivations of procedurally protected liberty. Provided that state laws (including prison regulations) narrowly cabining the legal power of authorities to impose the deprivations (thereby giving the inmate a kind of right to avoid it) See Hewitt v. Helms, 459 U.S. 460, 471-72, 74 L.Ed 2d 675, 103 S.Ct. 864 (1983) ("liberty interest created by regulations" requiring that administrative segregation will not occur absent greater substantive predicates) The Respondents violated Petitioner's Due Process when they failed to serve charge as stipulated by Regulation 403 III, A & D.

In Sandin Id. at 476-477, the Court of Appeals for the Ninth Circuit reversed judgement. Conner v. Sakai 15 F.3d 1463 (1993). It concluded that Conner had a

(3)

liberty interest in remaining free from disciplinary segregation." Gaines was placed in disciplinary segregation for 45 days. The court of appeals goes on to state that

"The Due Process Clause itself does not create a liberty interest in credit for good behavior, but that the statutory provision created a liberty interest in a "a shortened prison sentence" which results from Goodtime credits, Id. at 557, 41 L Ed 2d 935, 94 S.Ct. 2963.

The revocation of 2 years Goodtime credits extended Gaines release date by (8) Eight months. The Court concluded that Gandin's deprivation was significant and therefore Gaines' deprivation should be considered as well. Gandin, 515 21.S. 502 (1995).

Conclusion

Petitioners Objection should be sustained based on Courts

(4)

own case, citation that is considered binding. Gaines should be granted immediate relief. Disciplinary should be expunged and goodtime credits restored.

Done this 18 day of November, 2005

Respectfully,

*Garrett Gaines*

Garrett Gaines

Certificate of Service

I hereby certify that I placed a true copy of the above 1st class U.S. Postal Mail Box, serving it on the respondents at the following address:

Kim Thomas General Council
Legal Division D.O.C
301 South Ripley St.
Montgomery, AL. 36130

Done this 18th day of November, 2005

*Garrett Gaines*

Garrett Gaines

(5)